**Opinion issued June 13, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00371-CR

_____

**CHARLES PHILIP ANDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1355528**

---

## MEMORANDUM OPINION

Appellant Charles Philip Anderson pleaded guilty to the felony offense of failure to comply with a civil commitment and pleaded true to one felony enhancement paragraph. The trial court found appellant guilty, and in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for six years in the Institutional Division of the Texas Department of

Criminal Justice. Appellant has filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id*. The trial court's certification states that this is a plea-bargain case and that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).